# Exhibit 1



United States Department of the Interior

Office of Hearings and Appeals

Interior Board of Land Appeals

801 N. Quincy Street, Suite 300

Arlington, VA 22203

(703) 235-3750                    ibla@oha.doi.gov

January 29, 2026

| | | |
|---|---|---|
| IBLA 2025-0313 | ) | OCS-G 000385, WD 29 |
| | ) | |
| W&T OFFSHORE, INC. | ) | Offshore Oil & Gas |
| | ) | |
| | ) | Motion to Dismiss Granted; Appeal |
| | ) | Dismissed |

<u>ORDER</u>[*]

W&T Offshore, Inc. has appealed an Incident of Noncompliance (INC) that the Bureau of Safety and Environmental Enforcement (BSEE) issued on June 25, 2025.[1] The INC stated that BSEE issued a Decommissioning Order to W&T for lease OCS 00385 on July 8, 2024, that BSEE issued an Amended Order on October 3, 2024, and that W&T failed to comply with those orders.[2] BSEE has moved to dismiss W&T's appeal on the grounds that it alleges error only in the Decommissioning Order and Amended Order and that because those orders are administratively final, the Board lacks jurisdiction to consider W&T's appeal.[3] Finding that BSEE's argument has merit, we dismiss W&T's appeal.

*Background*

W&T held an operating rights interest in Lease 000385, West Delta 29, beginning in 1997.[4] According to W&T, it fully transferred its interest to EPL Oil & Gas, Inc. on

---

[*] This Order is binding on the parties but does not constitute Board precedent.

[1] Notice of Appeal at 1 (filed Aug. 4, 2025).

[2] Notification of Incident(s) of Noncompliance (Administrative Record (AR) 79) (June 25, 2025) (INC); *see also* Decommissioning Order for Lease OCS 00385 at 1-2 (AR 42-43) (Decommissioning Order); Amendment to Decommissioning Order for Lease OCS 00385 (AR 10) (Oct. 3, 2024) (Amended Order). BSEE has filed the administrative record as a single .pdf file with consecutive Bates numbers. We cite the page number of the original document and the Bates number, with prefix and leading zeros omitted.

[3] Motion to Dismiss at 3 (filed Dec. 12, 2025).

[4] W&T Offshore, Inc.'s Amended Statement of Reasons in Support of Appeal at 1 (filed Sept. 4, 2025) (Statement of Reasons).

IBLA 2025-0313

January 1, 2013.[5] That transfer was not approved by the Department until March 24, 2017.[6] This delay has led to a dispute over W&T's decommissioning obligations.

In July 2024, EPL defaulted on its decommissioning obligations.[7] BSEE therefore issued the Decommissioning Order to W&T, as EPL's predecessor, requiring it to begin maintenance and monitoring on the infrastructure identified in the order (including Platform J and some associated facilities), to identify an operator or agent for decommissioning, and to submit a decommissioning plan.[8] BSEE stated in the order that W&T "may appeal this order pursuant to 30 CFR part 290 . . . within 60 days of receipt of this letter."[9] BSEE subsequently issued the Amended Order to include decommissioning obligations for additional wells and pipeline segments.[10]

W&T accepted some of its obligations under the Decommissioning Order and Amended Order, but it did not accept any obligations with respect to certain wells, pipeline segments, and associated facilities that "were installed by EPL after divestiture of W&T's operating interests."[11] However, it also did not appeal the Decommissioning Order or the Amended Order. W&T alleges that it "sought clarification from BSEE" after it received the Amended Order, while BSEE contends that W&T waited 7 months before requesting that the order be amended again to remove the disputed facilities.[12]

W&T did not take any steps to fulfill the obligations stated in the Decommissioning Order or the Amended Order. On June 25, 2025, BSEE issued the INC "to document W&T's failure to perform maintenance and monitoring on the [relevant platform], and failure to comply with the decommissioning order."[13]

W&T appealed the INC and petitioned for a stay pending appeal. We denied the stay because W&T did not establish, or even address, two of the three criteria necessary

---

[5] *See id.*; *see also* Motion to Dismiss at 1 (stating that W&T applied to transfer its operating rights with an effective date of January 1, 2013, "[b]ut there were problems with the assignment package").

[6] *See* Statement of Reasons at 1; Motion to Dismiss at 2; Serial Register Page at unp. 1 (AR 121) (Mar. 24, 2017).

[7] *See* Statement of Reasons at 2.

[8] Decommissioning Order at 2, 5 (AR 43, 46).

[9] *Id.* at 3 (AR 44).

[10] *See* Amended Order at 1 (AR 10); *see also id.* at 2 (AR 11) ("All other aspects of the order remain as set forth in the July 8, 2024 correspondence").

[11] Statement of Reasons at 2.

[12] *See id.*; Motion to Dismiss at 2.

[13] INC (AR 79).

2

for a stay.[14] We did not express any opinion about the merits at that time. BSEE then filed the Motion to Dismiss that we now consider.

*Analysis*

BSEE argues that the Board lacks jurisdiction to review the INC because W&T failed to challenge the Decommissioning Order or Amended Order.[15] According to BSEE, "W&T's arguments are directed solely at the validity of the underlying decommissioning order" and "the time to challenge BSEE's amended decommissioning order has passed."[16]

BSEE cites the doctrine of administrative finality to support this reasoning.[17] Under that doctrine:

> [W]hen a party has had an opportunity to obtain review within the Department and no appeal was taken . . . the decision may not be reconsidered in later proceedings except upon a showing of compelling legal or equitable reasons, such as a violation of the basic rights of the parties or the need to prevent an injustice.[18]

We have repeatedly relied on this principle to reject appeals challenging BSEE decisions to impose a civil penalty based on prior INCs if those INCs had not been appealed at the time they were issued.[19] An appeal of a decision to assess a civil penalty based on an INC is appropriate if the order itself revisits the findings that BSEE originally made in the INC.[20] But if the appeal challenges only a subsequent decision that relies on and does not revisit determinations made in a prior, appealable decision, the Board will not entertain the appeal as a vehicle to review the determinations in that earlier decision.

W&T's merits arguments are presented in its Amended Statement of Reasons. W&T disputes that it had accrued any decommissioning obligations with respect to certain facilities named in the Decommissioning Order because those facilities were constructed after W&T transferred its operating rights in the lease.[21] It offers an alternative interpretation of the regulations on which BSEE relied in finding such

---

[14] Reply Stricken, Petition for Stay Denied at 3 (Sept. 16, 2025).

[15] Motion to Dismiss at 3.

[16] *Id.*

[17] *Id.* at 3.

[18] *W. Va. Highlands Conservancy, Inc.*, 166 IBLA 39, 44 (2005).

[19] *See GOM Shelf, LLC*, 199 IBLA 100, 106 & n.44 (2024) (citing cases).

[20] *See id.* at 106.

[21] *See* Statement of Reasons at 3.

decommissioning obligations.[22] It argues that the Bureau of Ocean Energy Management unreasonably delayed approving its transfer of interests to EPL and that BSEE's determination of decommissioning obligations improperly depended on that unreasonable delay.[23] And it contends that it is against the public interest for BSEE to find decommissioning obligations under these circumstances.[24] W&T does not argue that it complied with the Decommissioning Order and the Amended Order.

These arguments all relate to whether BSEE correctly determined that W&T has decommissioning obligations. BSEE made that determination in the Decommissioning Order and the Amended Order, not the INC.[25] Moreover, the INC does not revisit the issue of W&T's accrued decommissioning obligations; it only states that W&T had not complied with the obligations identified in the Decommissioning Order and Amended Order.[26] W&T had an opportunity to appeal BSEE's determination at the time of the Decommissioning Order and again at the time of the Amended Order, it was advised of that opportunity in the Decommissioning Order itself, and it did not appeal. BSEE was thereafter entitled to rely on both orders in assessing W&T's compliance with its regulatory obligations.

W&T makes several arguments against the Motion to Dismiss, but we find that they are without merit. First, W&T asks us to strike the Motion to Dismiss because it is procedurally improper, as our regulation for filing briefs does not "expressly authorize a motion to dismiss."[27] But motions are filed under a different regulation that does not limit a party's ability to seek dismissal, and the Board routinely considers such motions.[28]

---

[22] *See id.* at 4.

[23] *See id.* at 5-7.

[24] *See id.* at 7-8.

[25] *See* Decommissioning Order at 1 (AR 42) ("As a predecessor lessee or predecessor holder of operating rights for the Lease, you are responsible for decommissioning all wells, pipelines, platforms, other facilities, and obstructions for which you have accrued decommissioning obligations. . ."); *id.* at 5 (AR 46) (identifying accrued decommissioning obligations for Platform J, among others); Amended Order at 7 (AR 48) (identifying accrued decommissioning obligations for two wells and three pipeline segments that W&T disputes in its Statement of Reasons at 2).

[26] *See* INC (AR 79).

[27] W&T Offshore, Inc.'s Response to BSEE's Motion to Dismiss at 1 (filed Jan. 16, 2026) (Response) (citing 43 C.F.R. § 4.410).

[28] *See* 43 C.F.R. § 4.409 (relating to the filing of motions); *see also* Practices Before the Department of the Interior, 90 Fed. Reg. 2332, 2369 (Jan. 10, 2025) (noting the possibility of motions to dismiss for lack of jurisdiction). Citations to Federal regulations in this Order are to the version currently in effect.

Relying on the existence of exceptions to the rule of administrative finality, W&T argues that finality is "a prudential doctrine" that "may inform the Board's analysis of particular issues on the merits," but that "cannot justify dismissal of an appeal at the threshold."[29] Although we have recognized exceptions to the rule of administrative finality, we have characterized that rule as affecting our jurisdiction unless those exceptions apply.[30] And regardless of whether the rule is characterized as prudential or jurisdictional, W&T provides no reason why we should proceed to the merits of its appeal when all of the merits issues it raises relate to whether it has decommissioning obligations, a question that has already been determined by a final decision of the Department.

Finally, W&T argues that considering the Decommissioning Order and the Amended Order as administratively final "would work a manifest injustice."[31] In W&T's view, BSEE "has never settled on a final decommissioning determination," as shown by the fact that it issued the Amended Order and another order on December 15, 2025, in which it addressed additional infrastructure.[32] Because BSEE has "serially amended" its orders, W&T argues, an appeal of those orders at the time they were issued was impracticable and would lead to "duplicative administrative proceedings."[33] From the perspective of July 2024, however, the Decommissioning Order was final and appealable when BSEE issued it. The order stated definitively that W&T had decommissioning obligations that W&T has consistently disputed, including for Platform J on Lease OCS 00385,[34] and it advised W&T that it had a right to appeal the order.[35] W&T's time to appeal the July 8, 2024, Decommissioning Order expired well before BSEE issued the Amended Order on October 3, 2024, so BSEE's subsequent decisions could have played no part in W&T's decision not to appeal.[36] Appealing BSEE's determination at the first opportunity could also have resolved the question of W&T's decommissioning obligations for purposes of the Decommissioning Order and all subsequent BSEE decisions in a single proceeding.

In short, W&T provides no persuasive reason that it was unable to appeal the Decommissioning Order or the Amended Order. This is not an issue of "formalism over

---

[29] Response at 2.

[30] *See, e.g.*, *Fieldwood Energy, LLC*, 197 IBLA 169, 186, &n.71 (2021); *see also W. Va. Highlands Conservancy, Inc.*, 166 IBLA at 44.

[31] Response at 3.

[32] *Id.*

[33] *Id.* at 3, 4.

[34] *See* Decommissioning Order at 5 (AR 46); Statement of Reasons at 2.

[35] *See* Decommissioning Order at 3 (AR 44); *see also, e.g.*, *Energen Res. Corp.*, 199 IBLA 374, 377 (2016) (appeal of a decommissioning order).

[36] *See* Decommissioning Order at 3 (citing 30 C.F.R. § 290.4).

fairness," as W&T asserts,[37] because an appeal of the Decommissioning Order or the Amended Order would have provided W&T a fair opportunity to contest BSEE's determination that it had accrued decommissioning obligations. Because W&T did not do so, the Decommissioning Order and Amended Order must be considered administratively final, and the Board has neither the jurisdiction nor any compelling reason to consider W&T's merits arguments contesting those orders. For these reasons, we grant BSEE's motion and dismiss the appeal.

DAVID GUNTER
Digitally signed by DAVID GUNTER
Date: 2026.01.29 15:16:22 -05'00'

I concur:

AMY SOSIN
Digitally signed by AMY SOSIN
Date: 2026.01.29 15:19:41 -05'00'

_____          _____
David Gunter                                                Amy B. Sosin
Administrative Judge                                  Administrative Judge

---

[37] Response at 4.